UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| YOUNG CHOI,<br><br>                    Plaintiff,<br>   v.<br><br>CITY OF LAKEWOOD, DAVID BUTTS, and BRIAN LUTTRULL,<br><br>                    Defendants. | CASE NO. 21-5119 RJB<br><br>ORDER DENYING MOTION TO COMPEL |

This matter comes before the Court on the Plaintiff's Motion to Compel Defendants' Discovery over their Objections to Plaintiff's Requests for Production. Dkt. 20. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

In this case, the Plaintiff alleges that the Defendants were negligent and used excessive force when they broke her arm during an arrest while she was having a manic bi-polar episode. Dkt. 6. She now moves for an order compelling Defendants produce documents response to certain discovery requests. Dkt. 20. For the reasons provided, her motion (Dkt. 20) should be denied.

ORDER DENYING MOTION TO COMPEL - 1

## I.   FACTS

On October 26, 2021, the Plaintiff served on the Defendants her Requests for Production. Dkt. 21.  After the parties agreed to an extension of time, Defendants served their responses on December 9, 2021.  *Id.*  Plaintiff's counsel contacted Defendants' counsel by email, regarding alleged deficiencies in the responses.  *Id.*  The lawyers traded several emails and on February 10, 2022, the Defendants supplemented their response.  *Id.*  The Plaintiff's counsel emailed defense counsel and inquired if additional documents would be forthcoming.  *Id.*  On February 17, 2021, the day discovery related motions were due, defense counsel responded to the email with additional information.  *Id.*

Plaintiff filed this motion on February 17, 2022.  Dkt. 20.  She seeks an order compelling Defendants to produce documents requested in Requests for Production ("RFP") D, E, G, and H.  *Id.*  She also seeks an order requiring that the Defendants certify their responses, specify their reasons for their objections, and specify what materials are being withheld.  *Id.*  The Plaintiff also moves for an award of attorneys' fees related to this motion.  *Id.*

The Defendants responded and oppose the motion.  Dkt. 22.  They point out that the Plaintiff failed to comply with the meet and confer requirements of Fed. R. Civ. P. 37.  *Id.*  Further, though they dispute the relevance, they produced additional documents in response to RFP D and E on February 28, 2022.  *Id.*  Further, they maintain that the Plaintiff's RFP G "is not reasonably calculated to discovery of admissible evidence," and that there is "nothing to compel" for RFP H.  *Id.*  The Plaintiff filed a reply (Dkt. 24) and the motion is ripe for decision.

## II.   DISCUSSION

**A.  STANDARD FOR MOTION TO COMPEL**

Fed. R. Civ. P. 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)).

Rule 37(a)(1), "Motion for Order Compelling Disclosure or Discovery," provides,

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Local Rule for Western District of Washington ("Local Rule") 37(a)(1) additionally provides:

> Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration of affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to made disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. If the court finds that counsel for any party, or a party proceeding pro se, willfully refused to confer, failed to confer in good faith, or failed to respond on a timely basis to a request to confer, the court may take action as stated in CR 11 of these rules.

ORDER DENYING MOTION TO COMPEL - 3

### B. MEET AND CONFER

The Plaintiff's motion to compel (Dkt. 20) should be denied. Plaintiff's counsel's declaration (Dkt. 21) fails to meet the requirements of Local Rule 37(a)(1). In this pleading, the Plaintiff's lawyer asserts that he made written discovery requests to Defendants and that the Defendants responded in writing. Dkt. 21. He alleges that he and the Defendants' lawyers' then traded emails about alleged discovery deficiencies. *Id.* Under Local Rule 37(a)(1) the meet and confer conference needed to be "a face-to-face meeting or a telephone conference." The motion (Dkt. 20) should be denied for failing to demonstrate that the parties met and conferred and tried to resolve the issues raised in the motion.

### C. MOTION TO COMPEL

The Plaintiff's motion to compel (Dkt. 20) should also be denied on the merits. The Defendants have provided adequate responses to RFPs D, E, and H. Where applicable, the Defendants have informed the Plaintiff that the documents sought do not exist. While the Plaintiff appears to question whether that is true, the Defendants are aware of their obligations under the Federal Rules of Civil Procedure and Professional Rules of Conduct. As to RFP G to "produce any settlement agreements . . . from *Covarrubias v. Lakewood,* 3-18-cv-05317-BHS," it is not clear whether those documents, if any, are relevant (or likely to lead to relevant information) in this case.

### D. MOTION FOR ATTORNEYS' FEES

The Plaintiff's motion for an award of attorneys' fees (Dkt. 20) should be denied. Her motion to compel is denied by this order.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion to Compel Defendants' Discovery over their Objections to Plaintiff's Requests for Production (Dkt. 20) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 7th day of March, 2022.

*[signature]*

ROBERT J. BRYAN
United States District Judge

ORDER DENYING MOTION TO COMPEL - 5