1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

| | |
|---|---|
| YOUNG CHOI,<br><br>      Plaintiff,<br><br> v.<br><br>CITY OF LAKEWOOD, DAVID BUTTS,<br>and BRIAN LUTTRULL,<br><br>      Defendants. | CASE NO. 21-5119 RJB<br><br>ORDER ON CITY OF LAKEWOOD<br>DEFENDANTS' MOTION FOR<br>SUMMARY JUDGMENT |

11
12
13
14
15
16
17
18
19
20
21
22
23
24

This matter comes before the Court on the Defendants City of Lakewood, David Butts, and Brian Luttrull's Motion for Summary Judgment. Dkt. 27. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

In this case, the Plaintiff alleges that the Officers Butts and Luttrull used excessive force when her arm was broken during her arrest while she was having a manic bi-polar episode. Dkt. 6. She asserts a claim against the City of Lakewood for negligence. *Id.* The Defendants now move for summary judgment on the Plaintiff's excessive force claims. Dkt. 27. For the reasons provided, the motion (Dkt. 27) should be granted, in part, and denied, in part. The federal claims asserted against Officer Brian Luttrull and the City of Lakewood, to the extent any are made,

should be dismissed.  The federal claim against Officer David Butts and the state law claim for negligence asserted against the City of Lakewood should not be dismissed.

## I.     FACTS

On February 21, 2018, the Plaintiff entered Paldo World, a grocery store in Lakewood, Washington.  Dkt. 33 at 2.  The Plaintiff, a Korean-American, is five feet three inches tall and weighs 130 pounds.  *Id.* at 1.  Her first language is Korean and English is her second.  *Id.*  The Plaintiff has bi-polar disorder and was suffering a manic episode at the time of these events.  *Id.*

The Defendants filed three videos on a DVD with their motion for summary judgment (Dkt. 31) which the Plaintiff states accurately captures the episode (Dkt. 33 at 2).  Much of the statements made on the videos are not in English.  Where one of the three videos is referenced in this opinion, they will be cited to as "Dkt. 31."

While at the store, the Plaintiff became "upset over the condition of the store's produce." Dkt. 33 at 2.  The Plaintiff aggressively confronted several people at the store, including store employees.  Dkt. 33 at 2.  She is seen on the videos taking various mobile phones from people, hitting and kicking people, and yelling.  Dkt. 31.  At one point, the Plaintiff removes some of her clothing, and her shoes and socks.  Dkt. 31.  She attempts to use other people's mobile phone to record events.  Dkt. 31.  The Plaintiff states that "she became more upset when [she] saw someone recording video of [her] outburst with a [mobile] phone." Dkt. 33 at 2.  Store employees repeatedly try to get the Plaintiff to return the mobile phones and leave.  Dkt. 31.  The Plaintiff refused and eventually one of the employees called the police.  Dkts. 31 and 29 at 6.

Police dispatch told the responding officers, and Defendants here, Officer Brian Luttrull and Officer David Butts, that a person matching the Plaintiff's description was "attacking employees," that it was "very hard to hear [the reporting party], the suspect was screaming, and

kicking and hitting the reporting party.  Dkt. 29 at 7.  Dispatch informed the officers that no weapons were seen and a burglary may be in progress.  *Id.* at 6.

Officers Luttrull and Butts state that as they entered the store, they could see a woman, later identified as the Plaintiff, assaulting another woman who they now know was Bibelyn Zies. Dkts. 29 at 2 and 28 at 2.  They state that as they ran toward the two women, Plaintiff pushed Zies out of their sight.  *Id.*  Video of the incident shows Plaintiff hitting Zies and then pushing Zies into a display and Zies falling to the ground.  Dkt. 31.

Officer Luttrull grabbed the Plaintiff by her left arm and attempted to remove her from the store.  Dkt. 29 at 2.  The Plaintiff took a few steps with him and then stated that she needed to grab her purse.  Dkt. 33 at 2.  Officer Luttrull did not stop and the Plaintiff tried to pulled away from him.  Dkt. 29 at 2.  He did not release her, so the Plaintiff swung around and attempted to hit him.  Dkt. 33 at 2.  Officer Luttrull immediately brought the Plaintiff to the ground still holding her left arm.  Dkt. 29 at 2.  She continued to struggle while he kneeled beside her.  *Id.* The Plaintiff states that she suffered an abrasion on her forehead as a result of the fall.  Dkt. 33 at 2.  The Plaintiff's right arm was under her in her prone position.  Dkt. 33 at 2.

When the Plaintiff was brought to the ground Officer Butts dropped partially on her. Dkt. 31.  He then moved to her side and attempted to bring her right arm around behind her back. Dkts. 33 at 2 and 28 at 2.  In doing so, Officer Butts broke the Plaintiff's arm.  Dkt. 33 at 3.  An audible crack is heard on the video.  Dkt. 31.  The Plaintiff was handcuffed and the officers called for emergency medical assistance.  Dkts. 28 at 2, 29 at 2, and 33 at 3. The Plaintiff asserts that her broken right humerus required surgery and she has suffered significant pain as a result. Dkt. 33 at 3.

1    In their motion for summary judgment, the Defendants move to dismiss the Plaintiff's

2 claims with prejudice but do not address the Plaintiff's negligence claim against the City of

3 Lakewood.  Dkt. 27.  The Defendants argue that the Plaintiff's Fourth Amendment claim for

4 excessive force should be dismissed because they did not violate her rights and are entitled to

5 qualified immunity.  Dkt. 27.  They argue that the Plaintiff's Fourth Amendment claim against

6 the City of Lakewood should be dismissed because she cannot point to a policy or practice that

7 was the moving force behind her injuries as is required under *Monell v. Dept. of Soc. Services of*

8 *City of New York,* 436 U.S. 658 (1978). *Id.*

9    In her response, the Plaintiff points out that the Defendants did not address her

10 negligence claim against the City of Lakewood.  Dkt. 32.  She argues that the motion should be

11 denied because Officers Luttrull and Butts violated her Fourth Amendment rights and are not

12 entitled to qualified immunity.  *Id.*  She does not dispute that her Fourth Amendment claim

13 against the City of Lakewood, to the extent that she makes one, should be dismissed.  *Id.*

14 Accordingly, to the extent that the Plaintiff makes a Fourth Amendment claim against the City of

15 Lakewood, the claim should be dismissed with prejudice and no further analysis is necessary.

16    The Defendants filed a reply and argue that the federal claims against the officers and the

17 City of Lakewood should be dismissed.  Dkt. 35. For the first time in their reply, they argue that

18 the negligence claim against the City of Lakewood should be dismissed if the federal claims are

19 dismissed.  *Id.*  The Plaintiff filed a surreply and properly points out that arguments raised for the

20 first time in a reply should not be considered.  Dkt. 38.  The motion is ripe for decision.

21                            **II.     DISCUSSION**

22    **A.  SUMMARY JUDGMENT STANDARD**

23

24

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 (a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt.").  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question.  The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

1  Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not

2  be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990**).**

3       **B.  CLAIMS UNDER 42 U.S.C. § 1983 AND QUALIFIED IMMUNITY**

4       Defendants in a Section 1983 action are entitled to qualified immunity from damages for

5  civil liability if their conduct does not violate clearly established statutory or constitutional rights

6  of which a reasonable person would have known.  *Pearson v. Callahan*, 129 S.Ct. 808, 815

7  (2009)(*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  The existence of qualified

8  immunity generally turns on the objective reasonableness of the actions, without regard to the

9  knowledge or subjective intent of the particular official. *Id*. at 819.

10       In analyzing a qualified immunity defense, the Court must determine: (1) whether a

11  constitutional right would have been violated on the facts alleged, taken in the light most

12  favorable to the party asserting the injury; and (2) whether the right was clearly established when

13  viewed in the specific context of the case.  *Saucier v. Katz*, 121 S.Ct. 2151, 2156 (2001).  While

14  the sequence set forth in *Saucier* is often appropriate, it should no longer be regarded as

15  mandatory. *Pearson* at 811. "The judges of ... the courts of appeals should be permitted to

16  exercise their sound discretion in deciding which of the two prongs of the qualified immunity

17  analysis should be addressed first in light of the circumstances in the particular case at hand." *Id*.

18            1.  Violation?

19       The Fourth Amendment of the United States Constitution prohibits unreasonable

20  seizures.  To determine whether an officer's actions were objectively reasonable, courts consider:

21  (a) "the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the

22  type and amount of force inflicted," (b) "the government's interest in the use of force," and (c)

23

24

1   "the balance between the gravity of the intrusion on the individual and the government's need for

2   that intrusion." *Williamson v. City of Nat'l City*, 23 F.4th 1146, 1151 (9th Cir. 2022).

3                                    *a.  Severity of Intrusion*

4          As to the actions of Officer Luttrull, considering the facts taken in a light most favorable

5   to the Plaintiff, Officer Luttrull did not severely intrude on the Plaintiff's Fourth Amendment

6   rights.  He took her by her left arm, and after she attempted to hit her, and he pulled her to the

7   ground.  She asserts that she suffered a slight scrape to her head when she fell.  His intrusion was

8   not severe.

9          The Plaintiff has pointed to sufficient facts to support her contention that Officer Butt's

10  action of breaking her arm as he forced it behind her, was a severe intrusion on her Fourth

11  Amendment right against excessive force.

12                                   *b.  Government's Interest*

13         In evaluating the government's interests at stake, courts consider "(1) how severe the

14  crime at issue was, (2) whether the suspect posed an immediate threat to the safety of the officers

15  or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest

16  by flight." *Williamson v. City of Nat'l City*, 23 F.4th 1146, 1153 (9th Cir. 2022).  The most

17  important consideration is the second one – the threat posed by the suspect. *Id.*

18         Here the government's interest was significant.  The crimes at issue were somewhat

19  severe.  The Plaintiff had assaulted various store employees and taken their mobile phones.  Her

20  conduct became more aggressive as the encounter continued.  Further, the Plaintiff posed an

21  immediate threat to the safety of people in the store and the officers.  At the time officers arrived,

22  the Plaintiff was in the process of assaulting Ms. Zies.  She then attempted to hit Officer Luttrull

23  with a mobile phone in her hand.  Lastly, the Plaintiff was actively resisting the officers at the

24

time she was injured.  After she was brought to the ground, she continued to struggle and resisted Officer Butt's attempts at bringing her arm behind her back.  While dispatch informed the officers that no weapon had been seen, the officers did not know if she had a weapon near her waistband.  The government's interest in bringing the Plaintiff under control were substantial.

> c.  *Balance between Intrusion and Government's Need*

As to Officer Luttrull, his intrusion on to the Plaintiff's Fourth Amendment rights were minor and the government's need was significant.  On balance, even viewing the facts in a light most favorable to the Plaintiff Officer Luttrull did not violate the Plaintiff's Fourth Amendment rights.  Her claims against him should be dismissed.

Officer Butts' intrusion onto the Plaintiff's rights were more significant. While the government interest here was also substantial, the Plaintiff has pointed to sufficient issues of fact, if believed, to find that Officer Butts violated her Fourth Amendment rights when he broke her arm during the course of this arrest.  The analysis does not end here.  Officer Butts also asserts qualified immunity.

> 2.  <u>Clearly Established?</u>

For purposes of qualified immunity, "[a] right is clearly established when it is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 7 (2021)(*internal quotation marks omitted*). While a case directly on point is not required for a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* at 7-8. This inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004)(*internal quotation marks omitted*).  "[S]pecificity is especially important in the Fourth Amendment context, where the

Court has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts." *Mullenix v. Luna*, 577 U.S. 7, 12, (2015)(*internal quotation marks omitted*).

Officer Butts' claim to qualified immunity should be denied. There are issues of fact as to whether a reasonable officer would have understood that using sufficient force to brake the Plaintiff's arm in two places while trying to bring her arm behind her to handcuff her violated her Fourth Amendment rights.

### 3.   Conclusion on Federal Claims

The Plaintiff's Fourth Amendment claims against Officer Luttrull and (to the extent she makes one) against the City of Lakewood should be dismissed. Her Fourth Amendment claim against Officer Butts should not be dismissed.

## C.   STATE LAW CLAIM FOR NEGLIGENCE - ISSUE RAISED IN REPLY

"The district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). For the first time in their reply, the Defendants move for dismissal of the state law claim for negligence which is asserted against the City of Lakewood. Dkt. 35. They argue that because the federal claims should be dismissed, the state claim for negligence should also be dismissed. *Id.* The Court will not consider this argument because it is raised for the first time in the reply. Moreover, not all federal claims have been dismissed. The Plaintiff's claim for negligence against the City of Lakewood should not be dismissed.

## III.   ORDER

Therefore, it is hereby **ORDERED** that:

ORDER ON CITY OF LAKEWOOD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 9

- Defendants City of Lakewood, David Butts, and Brian Luttrull's Motion for Summary Judgment (Dkt. 27) **IS:**

- **GRANTED** as to the Plaintiff's Fourth Amendment claims against Officer Luttrull and the City of Lakewood; and

- **DENIED** as to the Plaintiff's Fourth Amended claim against Officer Butts and her negligence claim against the City of Lakewood.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 4th day of April, 2022.

ROBERT J. BRYAN
United States District Judge